UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASHRAF QUTOUM                                           CIVIL ACTION

VERSUS                                                  NUMBER: 08-4625

LAURIE A. WHITE                                         SECTION: "A"(5)

### REPORT AND RECOMMENDATION

This 42 U.S. U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Ashraf Qutoum, against defendant, the Honorable Laurie A. White, a sitting judge of the Orleans Parish Criminal District court who previously practiced law before taking the bench.

Plaintiff is an inmate of the Dixon Correctional Institute, Jackson, Louisiana, who is serving a ten-year sentence for aggravated arson. See State v. Qutoum, 839 So.2d 323 (La. App. 5th Cir.), writ denied, 845 So.2d 1059 (La. 2003). Following the conclusion of his direct criminal appeal, plaintiff states that he retained defendant White to pursue post-conviction relief in the

state courts and, thereafter, federal habeas corpus relief in this court.  Due to White's alleged errors in exhausting state court remedies as to several of Qutoum's claims for post-conviction relief, those claims were ultimately dismissed by the state trial court on procedural grounds.  For the alleged mishandling of his post-conviction proceedings, plaintiff seeks compensatory and punitive damages.

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915.  A proceeding brought in forma pauperis may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(ii).  Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous.

It is well-settled that in order to set forth a cognizable claim under 42 U.S.C. §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981), overruled in part on other grounds, Daniels v.

2

Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986).  As a general rule, absent allegations of a conspiracy with traditional state actors, neither appointed nor retained counsel are considered to be acting under color of state law for purposes of §1983 liability.  Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445 (1981); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985). Because there is no hint of state action here, plaintiff's §1983 claim against the named defendant should be dismissed with prejudice under §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996); Lyons v. Sheetz, 824 F.2d 493, 495 (5th Cir. 1987)(citing Rendell-Baker v. Kohn, 457 U.S. 830, 102 S.Ct. 2674 (1982)).[1]/

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed as frivolous pursuant to §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served

---

[1]/ Under normal circumstances, the Court would initially construe plaintiff's complaint as presenting a claim sounding in the nature of habeas corpus (i.e., ineffective assistance of counsel). McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995).  The Court declines to do so in the present case, however, because Qutoum already has a habeas proceeding pending here.  See Qatoum v. LeBlanc, 07-CV-9712 "N"(6).

with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  20th  day of    October    , 2008.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE